## HANNAH K. ADAMS *et al. vs.* KAUWA.

### EJECTMENT. BEFORE HARRIS, C.J.

### JANUARY TERM, 1881.

Houses, built on land by the husband of a tenant in fee, are fixtures.

A house resting on stones held not to be a fixture.

A house built by a father on his son's land held, under the circumstances, not to be a fixture.

Plaintiffs having recovered certain land by a suit in ejectment, and there being a crop of taro on the land; held, that so much of the crop as was planted by the father of the owner of the land, before the owner's death, goes to the father, the remainder to plaintiffs.

DECISION OF HARRIS, C.J., ON MOTION TO STAY EXECUTION.

The question in my mind depends entirely upon whether the houses are fixtures, because if the houses are fixtures, by all the authorities, they become a part of realty; for the husband having built the houses in the lifetime of his wife, cannot be said to have any contract with his wife for the removal; and, if they are fixtures and the builder had an interest in the land, such as being a husband to the tenant in fee, as in this case, they become a part of the realty and go to the heir. *Glidden vs. Bennett,* 43 N. H. 306.

Now, by all the authorities, the first house is not a fixture, it resting on the stones, which stones rest on the earth; and therefore it was personal property when put there, and continued as such ever afterward, subject to being removed, when Kauwa's right of tenancy determined. *Antoni vs. Belknap,* 102 Mass. 200.

My judgment therefore is, that the defendant, Kauwa, have the right to remove that house.

And the same with the second house, because that, although the second house was placed on the land after the death of Kole, it was during the lifetime of Pine, for whom Kauwa was virtual

guardian, and Pine was the owner of the land after the death of his mother, so that Kauwa was not a trespasser, at least against these parties, in putting the house on the land.

The third house belongs to realty by all the authorities, and must go with the realty.

Regarding the crop; there is no evidence particularly as to when Pine died, but the whole tendency of the evidence is that he died within the last year.

My judgment therefore is, that so much of the crop as was planted before Pine died, shall go to the defendant: that which was planted after Pine died must go to the plaintiff.

*Mr. Davidson* for plaintiffs.

*Mr. Hartwell* for defendant.

Honolulu, February 3d, 1881.